Matthew **SALTARELLA,**
Plaintiff–Appellant,

v.

**TOWN OF ENFIELD, Ronald Marcotte, Raymond Bouchard, Carl Sferrazza, and Scott Shanley, Defendants–Appellees.**

No. 06–1981–cv.

United States Court of Appeals,
Second Circuit.

July 2, 2007.

Matthew Saltarella, pro se, South Windsor, CT, for Appellant.

Michael J. Rose, Howd & Ludorf, LLC, Hartford, CT, for Appellees.

PRESENT: JOSÉ A. CABRANES, RALPH K. WINTER, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Matthew Saltarella appeals *pro se* from a judgment entered by the District Court pursuant to its March 29, 2006 Ruling on Defendant's Motion for Summary Judgement and Motion to Strike ("Ruling"), *Saltarella v. Town of Enfield, et al.,* 427 F.Supp.2d 62 (2006). Plaintiff initially filed suit against defendants claiming violations of his rights under the First Amendment and Equal Protection Clause of the Fourteenth Amendment and the procedural and substantive prongs of the Due Process Clause of the Fifth Amendment of the United States Constitution as a result of the termination of his employment from the Town of Enfield Police Department. Saltarella also raised state law tort claims of defamation and intentional infliction of emotional distress. The District Court dismissed all federal claims and declined to exercise supplemental jurisdiction over the state law claims. Specifically, the District Court found the plaintiff offered no admissible evidence that the defendants had violated plaintiff's constitutional rights, and consequently the District Court did not reach the issue of qualified immunity. We assume the parties' familiarity with the facts and the procedural history of the case.

We review *de novo* a district court's orders granting summary judgment and focus on whether the District Court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

Upon a review of the record and the relevant law, we detect no error in the District Court's March 29, 2006 Ruling. Because all federal law claims were properly dismissed, the District Court appropriately exercised its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.

Accordingly, we **AFFIRM** the judgment of the District Court, substantially for the reasons stated by Judge Arterton in her careful and comprehensive Ruling of March 29, 2006.